**KML Law Group, P.C.**
BY: Danielle DiLeva, Esquire **ATTORNEY FOR PLAINTIFF**
Attorney I.D. 328955
Suite 5000 – BNY Independence Center
701 Market Street
Philadelphia, PA 19106-1532
(215) 627-1322

| | |
|---|---|
| SHONDA Y. BURGOS,<br><br>vs.<br><br>FLAGSTAR BANK, KML LAW GROUP, PC and NATIONSTAR MORTGAGE, LLC D/B/A MR. COOPER | No. 3:25-121 |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

## I. FACTUAL BACKROUND

Plaintiff Shonda Williams was a mortgagor of real estate which she previously owned and which is designated as 1516 3rd Avenue, Altoona, in Blair County Pennsylvania. ( the "Property"). On or about February 15, 2019, such Ms. Williams (as Shonda Burgos) executed a note in favor of Snare And Associates Mortgage Services, LLC, A Pennsylvania Limited Liability Company in which she promised to repay the principal sum with interest and on the terms set forth therein. As security for repayment, Ms. Williams (as Shonda Burgos) executed and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Snare and Associates Mortgage Services, LLC, its successors and assigns, a mortgage covering the Property. Such mortgage was duly recorded on February 19, 2019 as Instrument No. 201902209 in the Blair County recorder of Deeds.

By assignment of mortgage recorded on February 7, 2022 as Instrument No. 202202207, MERS assigned to Defendant Flagstar Bank, NA all its right, title and interest in and to the above mortgage.

**THE ORIGINAL FORECLOSURE ACTION AGAINST MS. WILLIAMS**

Following a default by Ms. Williams under the note and mortgage for failure to make monthly payments, Defendant Flagstar Bank, N.A. instituted an action in mortgage foreclosure against Ms. Williams as mortgagor and record owner in the Court of Common Pleas, Blair County, Pennsylvania, under Docket No2024 GN 466 ("Foreclosure Action"). Defendant KML Law Group, P.C. represented Defendant Flagstar Bank in the Foreclosure Action. See Exhibit A, a true and correct copy of the state court foreclosure docket. Ms. Williams was eventually removed from the Blair County foreclosure diversion program. Ms. Williams never filed an Answer to the Complaint and on March 3, 2025 Flagstar took default judgment. Post judgment, on March 14, 2025, Ms. Williams filed a "motion to transfer case to Federal Court" and a motion for preliminary injunction, both of which were denied by the trial court on April 29, 2025.

Her primary argument was that because she had obtained a Chapter 7 discharge, and that it discharged the mortgage itself. The property was sold via sheriff sale on January 14, 2026 and a sheriff's deed to Flagstar Bank was recorded February 11, 2026.

**THE QUIET TITLE ACTION AGAINST KML AND FLAGSTAR**

On July 2, 2025, Ms. Williams filed a quiet title action in Blair County at docket 2025-02316 in an attempt to relitigate the foreclosure action. That quiet title action was filed by "Shonda Yvette Williams, in her lawful capacity as Executrix for the estate of Shonda Burgos", despite that there is no estate, and no deceased party. In that quiet title action, Ms. Williams AGAIN claimed that her Chapter 7 discharge from her prior bankruptcy "discharged the mortgage", referenced a "private express trust" that she claims she created, and referenced UCC

financing statements that she made. After extensive litigation, Ms. Williams ’ quiet title action was dismissed on January 23, 2026.

**THE BANKRUPCY MATTER**

Ms. Williams attempted to reopen her prior bankruptcy case at 23-70224-JAD in the United States Bankruptcy Court for the Western District of Pennsylvania, starting with various motions filed on July 15, 2025. Those motions were denied on 9/30/2025 in a memorandum opinion where it was explained to Ms. Williams that a Chapter 7 discharge does not cancel liens. A true and correct copy of that memorandum opinion is attached as Exhibit C.

**THE CURRENT ACTION**

This is Ms. Williams’ fourth attempt to raise the same issues; first in post judgment litigation in the foreclosure action, then in her state court quiet title action, then in her bankruptcy court motions, and now here in Federal District Court. All the previous attempts have been denied.

## II. ARGUMENT

Plaintiff Shonda Williams commenced this civil action by filing a pro se complaint, naming as Defendants KML Law Group, Flagstar Bank, and Nationstar Mortgage LLC. Using legal jargon and arguments of the type generally associated with “sovereign citizens,” she continues her ongoing challenge of a foreclosure of real property in Blair County, Pennsylvania, in which she claims an interest, contending that her Chapter 7 Bankruptcy discharge actually discharged a mortgage itself. She additionally claims that Defendants “accepted a new endorsed promissory note” which should have extinguished the mortgage claim. She additionally makes claims under a whole litany of other federal statutes, including Constitutional claims, against the various Defendants.

**PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER FED. R.CIV. PRO. 12 (b)(6).**

When a court considers a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6), the facts asserted must be accepted as true and construed in the light most favorable to the plaintiff. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 note 8 ( 2007). To survive a motion to dismiss, the pleading must include sufficient facts to show that the claim is plausible on its face. See Twombley at 570. The first step in determining whether a plaintiff has stated a plausible claim is to "tak[e] note of the elements" underlying his claim. Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009); Santiago v. Warminster Township, 629 F.3d 121, 129–30 (3d Cir. 2010). The second step is to examine the plaintiff's complaint and determine whether the factual allegations "plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

F.R.C.P. 8(a)(2) requires a short and plain statement of the claim showing the pleader is entitled to relief. Here, Defendants cannot tell exactly what constitutes the Complaint as there are multiple unrelated sections where Plaintiff lists statutes with conclusory statements. Defendants cannot tell which counts are related to which Defendant. Further, not enough facts are plead to show that any of the claims are plausible.

**A. THERE WAS NO VIOLATION OF 11 U.S.C. § 524(a)**

11 U.S.C. § 524(a)[1] governs discharge in bankruptcy. Section 524(a)(2) of the Bankruptcy Code makes plain that a discharge "operates as an injunction" against efforts to

[1]11 U.S.C. § 524(a) states:
(a)A discharge in a case under this title—
(1)voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1192, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
(2)operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and
(3)operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1192, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

collect a debt "as a personal liability of the debtor." After a discharge, creditors cannot sue or otherwise pursue the debtor in personam. However, a creditor's right to foreclosure on a mortgage survives the bankruptcy. Johnson v. Home State Bank. 501 U.S. 78 (1991). This exact issue was already ruled on by Judge Jeffery A. Deller in the Bankruptcy action. See Memorandum Opinion docketed on October 30, 2025 in this matter. As this issue was ruled on, and not appealed, it is barred by Collateral Estoppel/Res Judicata. Here, the factual allegations do not plausibly give rise to an entitlement to relief.

**B. THERE WAS NO VIOLATION OF 15 U.S.C. § 1640**

15 U.S.C. § 1640(a) relates to civil liability for violations under the Truth in Lending Act. This applies to "creditors". Under TILA, a "creditor" is a "person who ... regularly extends ... consumer credit...." 15 U.S.C.A. § 1602(f). KML Law group is not a creditor as it does not extend credit, and Ms. Williams has not alleged that KML is a creditor. Further, reporting a $0 balance on a credit report after a bankruptcy discharge is proper. That does not mean that the creditor cannot pursue an in rem action to enforce their lien.

Separately, Plaintiff claims that TILA is also violated when the loan was transferred to Nationstar. However, there are not enough facts plead to understand that claim; Defendant does not understand what date of transfer Ms. Williams is speaking of, or if it is a creditor or servicer transfer that she is objecting to. Ms. Williams admits to receiving notice of servicer transfer which is attached to her Complaint. As there has been no plausible claim plead, this also must be dismissed. Here, the factual allegations do not plausibly give rise to an entitlement to relief.

**C. NONE OF THE DEFENDANTS ARE STATE ACTORS AND THEREFORE ALL CONSTITUTIONAL CLAIMS, THE 42 U.S.C. § 1983 CLAIM, 28 U.S.C. § 1343 CLAIMS MUST BE DISMISSED**

The Complaint contains no allegation of facts such as would show that Defendants acted under color of state authority. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins,

487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995). DEBBIE RASPALDO, Plaintiff, v. WILMINGTON TRUST COMPANY, et al., Defendants. Additional Party Names: PHH Mortg., No. 26-CV-3340, 2026 WL 2561661, at *2 (E.D. Pa. Aug. 28, 2026) Without that relationship, and the offending conduct, no relief is available under 42 U.S.C. Section 1983 or any constitution claim. No relationship is asserted here; no facts which would allow any factfinder to conclude that any Defendant, at any time, acted under color of state or local authority or law. Thus the court must dismiss the Complaint. Here, the factual allegations do not plausibly give rise to an entitlement to relief.

D. **MS. WILLIAMS HAS NOT PUT FORTH A PLAUSIBLE CLAIM FOR A VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. 1692e**

15 U.S. Code § 1692e states that a debt collection may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. To state a claim under the FDCPA, a plaintiff must allege that (1) he or she "is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." Moyer v. Patenaude & Felix, A.P.C., 991 F.3d 466, 470 (3d Cir. 2021) (internal citation omitted). Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible. See Humphreys v. McCabe Weisberg & Conway, P.C., 686 F. App'x 95, 97 (3d Cir. 2017) (per curiam) (concluding that the FDCPA claim was not pled based on "conclusory and speculative statements that cannot survive a motion to dismiss"). Here, Defendant states KML Law group acted as a debt collector "falsely represented the status of the loan, ignored consumer notices to cease collection, and failed to honor a request to move the dispute to federal court." KML does not understand on what basis Ms. Williams believes "failed to honor a request to move the dispute to federal court" is a

violation of the FDCPA. The statement that KML "falsely represented the status of the loan" is conclusory and does not identify exactly what KML did and when they did it. Ms. Willaims likely believes that the post discharge in rem foreclosure action violates that FDCPA, because she subjectively believes that the mortgage was discharged. However, that Theory is barred, as there was no discharge violation as stated earlier. Further, as this is an in rem foreclosure with a bankruptcy discharge, KML is not acting as a debt collector, as there is no possibility of an *in personem* deficiency judgement due to the Chapter 7 discharge, which then equates a judicial foreclosure to a non-judicial foreclosure. See Obduskey v. McCarthy & Holthus LLP, 139 S.Ct. 1029 (March 20, 2019). Ms. Williams has not even identified herself as a consumer. Here, the factual allegations do not plausibly give rise to an entitlement to relief.

**E. MS. WILLIAMS REMAINING ARGUMENTS ARE RELATED TO SOVEREIGN CITIZEN THEORIES**

Ms. Williams espouses several sovereign citizen claims.[2] Ms. Williams claims "Defendants accepted a new Promissory note from Plaintiff". Complaint p 1. She also claims "I provided Flagstar Bank with a valid promissory note that constitutes lawful tender". This goes on to claim Defendants violated SEC provisions related to processing promissory notes. Complaint p4 at 3. Ms. Williams has failed to attach copies of this "promissory note" to the complaint. Courts consistently reject similar attempts by "sovereign citizens" to avoid their mortgage debt claiming they tendered "Notes" or "Bills of Exchange". See e.g., Traore v. Planet Home Lending, LLC, No. 25-4767, 2025 WL 2792127, at *2 (E.D. Pa. Sept. 30, 2025) (rejecting claims that attempt to extinguish a lawful and legitimate debt as "rooted[ed] in sovereign citizen ideology"). Ms. Williams claim that there was a violation of RESPA 12 U.S.C. 2605. Loss mitigation is governed by 12 C.F.R. § 1024.41(b), which provides the policies for loss mitigation review. A cursory review of the loss mitigation package attached to Plaintiff's complaint shows

[2] "So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011)

that she failed to complete it. She listed her sovereign citizen trust as the applicant for loss mitigation, and did not hand sign the application, but instead typed some odd notation indicating she was a trustee, and that all rights were reserved and "without recourse". See Plaintiff's Complaint, Exhibit B. Her use of "By:" and "without recourse" are other hallmarks of sovereign citizen beliefs. See Dixie v. KeyBank Nat'l Ass'n, No. 1:24-CV-00120-SPB, 2025 WL 2420878, at *1 (W.D. Pa. Aug. 21, 2025). Another hallmark is her fictional creation of an estate for herself in the quiet title action. Here, the factual allegations do not plausibly give rise to an entitlement to relief and sovereign citizen ideologies should be summarily dismissed.

**F. ROOKER-FELDMAN AND THE ANTI-INJUNCTION ACT**

To the extent Plaintiff requests this court to intervene in a pending state court action, this court is prohibited from doing so by the Anti-Injunction Act, 28 U.S.C. § 2283. "[T]he Act is an absolute prohibition against any injunction of any state- court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 630 (1977). The Anti- Injunction Act, 28 U.S.C. § 2283, "prohibits injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.' No such exception seems applicable here. See e.g., Gangoo v. Fed. Home Loan Mortg. Corp., No. 17-227, 2017 WL 679972, at *8 (M.D. Pa. Feb. 21, 2017) (finding that the Anti-Injunction Act precluded the district court from granting an emergency TRO to stop an ejection); Reisinger v. Cronauer, No. 19-1260, 2019 WL 3302242, at *4 (M.D. Pa. July 23, 2019) (holding that the Anti-Injunction Act deprived federal district courts from staying ejectment proceedings in state court).

This court also lacks jurisdiction due to the Rooker Feldman doctrine. Plaintiff is attempting to have this court to sit in review of the state court judgments of possession and foreclosure. Rooker- Feldman applies to those cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Ind. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Plaintiff is specifically inviting federal review of the state court's judgment of foreclosure, then the state court's judgment of possession, the exact issue that Rooker-Feldman bars.

A claim is barred under the doctrine "if the federal claim was actually litigated in state court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that the federal relief can only be predicated upon a conviction that the state court was wrong. In either case, Rooker–Feldman bars a litigant's federal claims and divests the District Court of subject matter jurisdiction over those claims." In re Knapper, 407 F.3d 573, 580 (3d Cir.2005 Both Plaintiff's foreclosure and subsequent ejectment were actually litigated. These were not cases with simple default judgment where Ms. Williams failed to participate, both have long litigation history in state court. This Court should not be entertaining yet another "bite at the apple".

Defendant's issues have already been litigated in the state court and the bankruptcy court or could have been litigated and are waived under the principles of res judicata and collateral estoppel. Kremer v. Chemical Const. Corp, 456 U.S. 461, 467, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) (res judicata precludes relitigation of issues that were or could have been raised in an earlier litigation); Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) (collateral estoppel precludes relitigation of a fact or legal issue decided in a prior action). Sherrock Bros. v. DaimlerChrysler Motors Co., LLC, 260 F. App'x 497, 502 (3d Cir. 2008)

The issue about automatic stay violation and discharge violation has already been litigated and determined to have no merit directly by the bankruptcy court. There was no violation of the Chapter 7 automatic stay or discharge, and Defendant has been ruled against by the state court and the bankruptcy court on this issue. Raising the same issue, yet again is vexatious and obdurate conduct.

## III. CONCLUSION

For the reasons set forth above, Plaintiff has failed to set forth a plausible claim. Further, the allegations set forth cannot be amended, as the entirety of the claim against KML Law group seems to be based on the subjective conclusion of law that the mortgage was discharged. Defendant's motion to dismiss the same should be granted with prejudice.

Respectfully,

KML Law Group, P.C.

By: /s/ Danielle DiLeva
Danielle DiLeva, Esq.
Suite 5000 – BNY Independence Center
701 Market Street
Philadelphia, PA 19106-1532
(215) 825-6303 (Direct Phone)
(215) 627-7734 (Main Fax)
MMcKeever@kmllawgroup.com
PA Identification No. 328955

**KML Law Group, P.C.**
Suite 5000 – BNY Independence Center
701 Market Street
Philadelphia, PA  19106-1532
(215) 627-1322

| | |
|---|---|
| SHONDA Y. BURGOS,<br><br>vs.<br><br>FLAGSTAR BANK, KML LAW GROUP, PC and NATIONSTAR MORTGAGE, LLC D/B/A MR. COOPER | No. 3:25-121 |

## CERTIFICATION OF SERVICE

I hereby certify that a true and correct copy of Defendant's Motion to Dismiss was sent by first class mail, postage pre-paid, upon the following on the date listed below:

FLAGSTAR BANK
5151 Corporate Drive
Troy, MI 48098

KML LAW GROUP, PC
701 Market Street, Suite 5000
Philadelphia, PA 19106

NATIONSTAR MORTGAGE, LLC D/B/A MR. COOPER
8950 Cypress Waters Boulevard
Coppell, TX 75019

KML Law Group, P.C.

Date: 09/17/26

KML Law Group, P.C.
By: /s/ Danielle DiLeva
Danielle DiLeva, Esq.
Suite 5000 – BNY Independence Center
701 Market Street
Philadelphia, PA  19106-1532
(215) 825-6303 (Direct Phone)
(215) 627-7734 (Main Fax)
MMcKeever@kmllawgroup.com
PA Identification No. 328955